UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                       Case No. 3:24-cr-45(9)

vs.

TIERRA WOMACK,                        District Judge Michael J. Newman

    Defendant.

**ORDER DENYING DEFENDANT TIERRA WOMACK'S MOTION TO SEVER**
(Doc. No. 97)

This criminal case is before the Court on Defendant Tierra Womack's pending motion to sever, which alleges improper joinder in the indictment in violation of Federal Rule of Criminal Procedure 8, and asks the Court to sever because a joint trial would prejudice Womack.  Doc. No. 97.  The Government responded (Doc. No. 99) to which Womack did not reply.  This matter is ripe for review.  The Court **DENIES** Defendant Womack's motion to sever for two reasons.

First, under Federal Rule of Criminal Procedure 8, "[t]he joinder of multiple defendants is proper . . . only if each of the counts of the indictment arises out of the same act or transaction or series of acts or transactions . . . ." *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997) (quoting *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir. 1993)).  There is a preference for joint trials for defendants who are indicted together because they "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).  The Court finds joinder in the indictment was proper in this case because the substantive offense charged against Womack's co-defendants are logically interrelated with the conspiracies alleged in Count 11 (*i.e.*, the single count alleged against Womack), and there is significant overlap in

evidence, meaning a joint trial would promote efficiency.

Second, "[i]n order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)). Womack maintains that she will face prejudice at trial from the "spill-over of evidence" from the drug and money laundering offenses and the multiple conspiracies at hand because she was allegedly involved only in one conspiracy. Doc. No. 97 at PageID 298. Womack has not shown a compelling or substantial prejudice, and "absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance." *United States v. Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (quoting *United States v. Johnson*, 763 F.2d 773, 777 (6th Cir. 1985)). Any potential prejudice Womack would endure in a joint trial could be effectively mitigated by a limiting instruction. *United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012) ("Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice'" (quoting *Zafiro*, 506 U.S. at 539)).

Accordingly, the Court **DENIES** Womack's motion to sever. Doc. No. 97.

**IT IS SO ORDERED.**

November 25, 2024							s/*Michael J. Newman*
										Hon. Michael J. Newman
										United States District Judge

2